IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Frank Fargis, ) | |
| ) | C/A No. 1:07-1507-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| American Express Travel Related Services, ) | **O R D E R** |
| Inc., a/k/a American Express Travel ) | |
| Related Services Company, Inc., and ) | |
| Gulfstate Credit, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

    Plaintiff Frank Fargis filed the within complaint on May 30, 2007, and amended the complaint on February 19, 2008. Plaintiff asserts four causes of action: defamation per quod; defamation per se; a violation of the Fair Credit Reporting Act (FRCA), 15 U.S.C. § 1681(a)(2); and negligence. This matter is before the court on motion for summary judgment filed by Defendant American Express Travel Related Services, Inc. ("AmEx") on September 12, 2008 (Entry 42). Plaintiff filed a memorandum in opposition on October 7, 2008 and a supplement on October 10, 2008. AmEx filed a reply on October 20, 2008. The court held a hearing on January 6, 2009.

I. FACTS

    Plaintiff alleges that in April 1997 AmEx sent an application for a credit card to the physical address of TNT Graphics, Inc., Plaintiff's place of business. The credit card application was intercepted and completed by two employees of TNT Graphics posing as Plaintiff. AmEx issued a credit card in the name of Plaintiff that was used by the two employees, without Plaintiff's knowledge or consent, commencing in May 1997. Complaint, ¶¶ 5-8.

    The two employees made payments on the account, but in the fall of 1998 a check was

returned for insufficient funds. The account was turned over by AmEx to J.D.R. Recovery for collection. On or about October 27, 1998, Plaintiff received a telephone call by a representative of J.D.R. Recovery regarding the credit card account. Id., ¶ 10. Plaintiff contends that he made inquiry and discovered that the credit card had been issued in his name. Id. ¶ 11. Plaintiff alleges that he made numerous contacts with AmEx to resolve the issue and close the account, to no avail. Id. ¶ 13.

At some point, AmEx sold the credit card account to Defendant Gulfstate Credit LLC ("Gulfstate") for collection. Plaintiff alleges that he sent several letters to Gulfstate in an attempt to resolve the matter. However, Gulfstate's collection efforts caused derogatory information to be reported to various credit bureaus, to Plaintiff's detriment. Id., ¶ 14. In August and October 2001 Plaintiff discovered there was damage to his credit as a result of Gulfstate's actions. Id. ¶¶ 16, 19. Plaintiff continued to correspond with AmEx. In addition, Plaintiff retained an attorney who informed AmEx by letter dated August 23, 2002 that Plaintiff would take legal action if the issue was not resolved to Plaintiff's satisfaction. Id. ¶ 23; see Entry 42-4, 42-5. According to Plaintiff, several applications for credit and attempts to obtain credit were denied to him, as well as an attempt to extend or refinance a real estate mortgage, between July 21, 2003 and September 14, 2004. Complaint, ¶ 25. Plaintiff continued to attempt to remove the negative information placed upon his credit bureau reports, including correspondence between March 15, 2005 through November 2005. Id. ¶ 28. Plaintiff alleges that the derogatory credit information on Plaintiff's reports was removed by the credit bureaus in October 2005. Id. ¶ 29.

## II. DISCUSSION

AmEx has moved for summary judgment. Summary judgment "shall be rendered forthwith when the pleadings, depositions, answers to interrogatories, and admissions on file, together with

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For the evidence to present a genuine issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The moving party has the burden of proving that there are no facts from which it would be open to a jury to make inferences favorable to the non-movant. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The opposing party may not rest on the mere assertions contained in the pleadings. Id. The court must view the record as a whole and in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indus. Inc., 763 F.2d 604 (4th Cir. 1985).

AmEx asserts, among other things, that Plaintiff's causes of action are barred by the applicable statutes of limitations. The court agrees.

Plaintiff contends that the limitations period began to run on September 14, 2004 when he obtained copies of his credit report and realized the presence of the derogatory information. Although AmEx was willing at the hearing to concede a September 14, 2004 commencement date for the statute of limitations, the court is not persuaded.

The limitations period begins to run when a party knows or should know, through the exercise of due diligence, that a cause of action might exist. Anonymous Taxpayer v. S.C. Dep't of Revenue, 661 S.E.2d 73, 80 (S.C. 2008). In this case, Plaintiff attempted from 1998 to 2002 to resolve the disputed credit card account with AmEx. According to Plaintiff, AmEx never responded to his demands to remove his name as a responsible party on the account. Entry 52 (Affidavit of

Frank Fargis, ¶ 12). Moreover, Plaintiff retained counsel who informed AmEx by letter dated August 23, 2002 that "[i]f this slander is not corrected immediately on Mr. Fargis' credit report, we will have no recourse but to seek redress through the courts." Entry 42-5 (Letter of Wm. Gary White, III dated August 23, 2002). Although Plaintiff asserted at the hearing that he thought the matter had been resolved until he checked his credit reports in September 14, 2004, his assertion is inconsistent with the facts set forth in his affidavit and the complaint. Accordingly, the court finds that Plaintiff knew or should have known, through the exercise of due diligence, that a cause of action might exist against AmEx at least by August 23, 2002.

The limitations period for defamation is two years. S.C. Code Ann. § 15-3-550(1). The limitations period under the FCRA is two years. 15 U.S.C. § 1681p(1). The limitations period for negligence is three years. S.C. Code Ann. § 15–3-530, -535. The within complaint was not filed until May 30, 2007, nearly five years after the August 23, 2002 date that the limitations period commenced. Plaintiff's complaint is barred by the applicable statutes of limitations. AmEx's motion for summary judgment is granted on this ground.

Even if the court were to accept the September 14, 2004 date as commencing the limitations period, Plaintiff cannot prevail. As noted, the latest Plaintiff would have been able to timely file a complaint asserting the defamation and FCRA claims would have been within two years of September 14, 2004, or by September 14, 2006, approximately eight months prior to filing the within complaint on May 30, 2007.

As to the negligence cause of action, Plaintiff asserted at the hearing that AmEx made a new report that gave rise to derogatory information on the credit bureau reports he obtained on September 14, 2004. Assuming for purposes of summary judgment that a limitations period commenced on

September 14, 2004, and that the cause of action for negligence is not barred by the applicable statute of limitations, Plaintiff's claim for negligence still must fail.

In order to establish a claim for negligence, a plaintiff must prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by negligent act or omission; and (3) damage proximately caused by the breach. Huggins v. Citibank, N.A., 585 S.E.2d 275, 276 (S.C. 2003) (citing Doe v. Batson, 548 S.E.2d 854 (2001)). An essential element in a cause of action for negligence is the existence of a duty of care owed by the defendant to the plaintiff. Id. In a negligence action, the court must determine, as a matter of law, whether the defendant owed a duty of care to the plaintiff. Id. (citing Faile v. S.C. Dep't of Juvenile Justice, 566 S.E.2d 536 (S.C. 2002)). If there is no duty, the defendant is entitled to judgment as a matter of law. Id. (citing Simmons v. Tuomey Regional Med. Ctr., 533 S.E.2d 312 (S.C. 2000)).

In Huggins, the plaintiff sued the defendants for negligently issuing credit cards to an unknown imposter. The South Carolina Supreme Court recognized the problems with identity theft and financial fraud, but

> decline[d] to recognize a legal duty of care between credit card issuers and those individuals whose identities may be stolen. The relationship, if any, between credit card issuers and potential victims of identity theft is far too attenuated to rise to the level of a duty between them. Even though it is foreseeable that injury may arise by the negligent issuance of a credit card, foreseeability alone does not give rise to a duty.

Id. at 277. This is because, generally speaking, one has no duty to protect another from the criminal acts of a third party, absent a special relationship. Robinson v. Equifax Information Servs., 2005 WL 1712479 (S.D. Ala. July 22, 2005) (unpublished) (citing Huggins, among other cases).

Plaintiff and AmEx possessed no special relationship recognized by law as the foundation

5

of a duty of care.  See Huggins, 585 S.E.2d at 277.  Because AmEx had no duty to Plaintiff, AmEx is entitled to summary judgment as to this issue.

### III. CONCLUSION

For the reasons stated, AmEx's motion for summary judgment (Entry 42) is **granted**.

At the hearing, Plaintiff informed the court that Gulfstate has filed for protection under the Bankruptcy Code.  Plaintiff moved to dismiss Gulfstate as a party.  Plaintiff's motion is **granted**, without prejudice, and the case dismissed.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

January 12, 2009.